Commonwealth *v.* Clark, Appellant.

450

Argued September 25, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Allen N. Brunwasser,* for appellant.

*J. Kent Culley,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and

*Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, September 19, 1973:

On March 4, 1970, following a jury trial, appellant was found guilty on sixteen counts of corrupt solicitation[1] and sixteen counts of bribery.[2] Post-trial motions were denied and on February 21, 1971, sentence was imposed.[3] An appeal was taken to the Superior Court which resulted in an affirmance of the judgment of sentence. Judge HOFFMAN filed a dissenting opinion in which Judge SPAULDING and Judge CERCONE joined. *Commonwealth v. Clark,* 220 Pa. Superior Ct. 326, 286 A. 2d 383 (1971). We granted allocatur and now we reverse.

The appellant contends that reversible error was committed when the Commonwealth's first witness, Detective McGreevey, referred to the fact that appellant had previously been in prison. In discussing an alleged meeting with appellant, Detective McGreevey stated: "After I parked the car Mr. Clark handed me a pack of bills stating, 'There is four there.' I placed the bills in my pocket. He said he was sorry he couldn't meet

---

[1] Act of June 24, 1939, P. L. 872, §304, 18 P.S. §4304.

[2] Act of June 24, 1939, P. L. 872, §303, *as amended,* 18 P.S. §4303 (Supp. 1973-74).

Appellant was also charged with certain drug law violations, however, at the conclusion of the Commonwealth's case, the trial court sustained appellant's demurrer to these charges.

[3] Appellant was sentenced to pay the costs of prosecution, pay a fine of one thousand dollars ($1,000.00) on each of the sixteen counts of corrupt solicitation, and undergo a term of imprisonment of not less than one year nor more than two years on each count of corrupt solicitation, each term to run consecutively. On each of the sixteen counts of bribery, appellant was sentenced to a term of imprisonment of not less than six months nor more than one year, each sentence to run concurrently with the sentence on the counts of corrupt solicitation.

me on Friday, but that he was busy and had to go out of town. We talked over the situation on the street, he stated that everything was all right and the same two men were dealing for him. I asked him if he knew a Clarence Rose; *he stated that he was in prison with him and knew him well.* When I told him that Clarence told me that he wanted to work for Alvin, he stated that it was not true.' " (Emphasis added.) A prompt request for a mistrial was denied, no cautionary instructions were given. It is argued that this testimony allowed the jury to infer that the appellant had a prior criminal record. We agree.

As this Court has recently stated: "It is a fundamental precept of the common law that the prosecution may not introduce evidence of the defendant's prior criminal conduct as substantive evidence of his guilt of the present charge. It has been succinctly stated that '[t]he purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence.' " *Commonwealth v. Allen,* 448 Pa. 177, 181-82, 292 A. 2d 373, 375 (1972) (footnote omitted) (quoting *Commonwealth v. Trowery,* 211 Pa. Superior Ct. 171, 173-74, 235 A. 2d 171, 172 (1967)). In *Allen,* we stated that the constant reference to police photographs of the accused permitted the jury to infer that the appellant had a prior criminal record.

We further pointed out in *Allen* that the admissibility of evidence which indicates that the accused had a prior criminal record does not depend on a balancing technique weighing the prejudicial effect against the

probative value, but rather on the fact that Pennsylvania law has specifically limited the admission of evidence of this nature to certain limited exceptions. For example, evidence of a different crime can be introduced to prove a common scheme or design. *Commonwealth v. Wable*, 382 Pa. 80, 114 A. 2d 334 (1955). *See Commonwealth v. Wilson*, 444 Pa. 117, 281 A. 2d 864 (1971); *Commonwealth v. Smith*, 443 Pa. 151, 277 A. 2d 807 (1971); *Commonwealth v. Foose*, 441 Pa. 173, 272 A. 2d 452 (1971); McCormick, Law of Evidence, §157 (1954 ed.); II Wigmore on Evidence, §§300 et seq. (3d ed. 1940). It is likewise permissible in some instances to impeach the credibility of the defendant by proof of a prior criminal record. *Commonwealth v. Butler*, 405 Pa. 36, 173 A. 2d 468 (1961), *cert. denied*, 368 U.S. 945 (1961). *See Commonwealth v. Bighum*, 452 Pa. 554, 307 A. 2d 255 (1973); *Commonwealth v. McIntyre*, 417 Pa. 415, 208 A. 2d 257 (1965); *see also* Note, "Use of Prior Crimes To Affect Credibility And Penalty in Pennsylvania", 113 U. Pa. L. Rev. 382 (1965). Other than these limited exceptions, the admission of evidence indicating defendant's prior criminal record has been firmly resisted in Pennsylvania. Therefore, if the testimony can be fairly characterized as conveying to the jury, either expressly or by reasonable implication, the fact of prior criminal offenses, a reversal of a verdict of guilt must result in the event that the Commonwealth is unable to establish that the evidence was within one of the recognized exceptions.

In the instant case, the police officer's statement that the appellant had, prior to his arrest for the instant charges, served time in a prison certainly conveys, we believe by the clearest implication, a prior conviction for a serious offense. Unlike a mere passing reference to an arrest or a lineup, the fact that appellant had been placed "in prison" strongly infers that there has been a conviction. Moreover, we cannot find, nor has

454

the Commonwealth suggested, any legitimate evidentiary purpose which would justify the introduction of this highly prejudicial remark. On the contrary, Detective McGreevey's statement which implied that appellant had a prior record serves the sole purpose of attempting to show appellant's evil character or criminal disposition.

In summary, because of the possibility that evidence of prior convictions will predispose the jurors to find the accused guilty, and the failure of the Commonwealth to show this evidence falls within any of the recognized exceptions, we hold that the admission of this testimony was prejudicial error and a new trial must be awarded.[4]

The order of the Superior Court and the judgment of sentence entered in the court of original jurisdiction are reversed and a new trial granted.

Mr. Justice POMEROY concurs in the result.

Mr. Chief Justice JONES dissents.

---

[4] In light of our disposition, we find it unnecessary to consider or resolve any of the other issues raised on this appeal.