381 A.2d 444

**COMMONWEALTH of Pennsylvania**

v.

**Peter IRWIN, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Nov. 18, 1977.

Decided Dec. 23, 1977.

John G. McDougall, Philadelphia, for appellant.

Ralph B. D'Iorio, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

POMEROY, Justice.

Appellant, Peter Irwin, was convicted by a jury on January 29, 1975 of murder of the third degree, possession of a

firearm without a license and possession of an instrument of crime. Post-trial motions were denied and appellant was sentenced to a term of imprisonment from eight to twenty years on the murder conviction and one to two years on the possession of a firearm charge.[1] These appeals followed.[2] We affirm the judgments of sentence.

The record discloses that on August 7, 1974, Irwin drove his automobile onto the grounds of the Equipment Corporation of America in Aldan, Pennsylvania for the purpose of seeking employment. At that time, and for some months prior thereto, the employees of the Equipment Corporation had been on strike. Pickets were stationed at the sides of the entrance gate and were displaying placards. Irwin proceeded to the company's office and made application for employment. He then returned to his car and started to drive out of the plant grounds. He proceeded very slowly and stopped his car at the front gate. Two of the pickets, Les Kiesel, the decedent, and Michael Detweiler, walked over to appellant's automobile and informed Irwin that he had crossed a picket line. Irwin replied with an obscenity and pulled a gun which he pointed at the individuals. Kiesel told Irwin that he was "crazy." At that point Detweiler pushed Kiesel away from the side of the car where appellant was seated. Irwin then opened the door of the automobile and fired a shot into the ground, followed immediately by a second shot which struck Kiesel in the chest, killing him.[3] Soon after this encounter Irwin disposed of the gun, shaved his mustache and changed the license plate on his car. He was, nevertheless, apprehended and charged with murder.

1. The sentences were to run consecutively. Sentence was suspended on the conviction of possessing an instrument of crime.

2. We hear this appeal pursuant to The Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, 17 P.S. § 211.202(1) which places jurisdiction in this Court for the appeal from appellant's murder conviction. This Court has jurisdiction over the appeal from the related convictions by virtue of its transfer from the Superior Court to this Court.

3. This account of the incident was substantiated by four eyewitnesses to the events. Irwin testified that the shooting was accidental, the gun having discharged during a struggle instigated by the strikers.

Appellant now argues that the refusal of the trial court to allow the admission of certain evidence as well as an alleged reference to his past record require the grant of a new trial.[4] We disagree.

█ Appellant's first contention is that the trial court erred in not admitting into evidence a series of newspaper articles and by restricting the direct examination of the appellant with regard to his knowledge of the articles. The newspaper articles in question appeared in the Philadelphia Evening Bulletin on July 15 through July 18, 1974 and on July 31, 1974; they pertained to acts of violence by members of a different union (the Roofer's Union) at times and locations other than those here involved. Appellant claimed the articles were relevant to his belief, reasonably held, that he was in imminent danger of serious bodily injury and that there was a necessity to kill in order to avoid those consequences.[5] The trial court, however, disagreed and ruled the articles irrelevant to any of the issues in question.

█ It is true, as appellant argues, that a defendant who is asserting a defense of self-defense may introduce evidence to show his alleged knowledge of the victim's quarrelsome or violent character as tending to prove that the defendant reasonably believed his own life to be in danger. *Commonwealth v. Stewart*, 461 Pa. 274, 336 A.2d 282 (1975); *Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748 (1971); McCormick, Evidence, § 193 (2nd Ed. 1972); 1 Wigmore on Evidence, § 198 (Rev.Third Ed., 1970). Whether particular exhibits, offered to corroborate a defendant's asserted belief, should be admitted into evidence is, however, a matter within the discretion of the trial court. *Commonwealth v. Mennyweather*, 458 Pa. 12, 329 A.2d 493 (1974);

---

4. Additionally, Irwin alleges that the trial judge was biased against him, as evidenced by statements made by the judge during the course of the trial and in his charge to the jury. We have reviewed the record and find these allegations to be without merit.

5. Such a belief by the defendant would, of course, be crucial to the establishment of the defense of self-defense. See *Commonwealth v. Light*, 458 Pa. 328, 326 A.2d 288 (1974); *Commonwealth v. Roundtree*, 440 Pa. 199, 269 A.2d 709 (1970).

*Commonwealth v. Amos, supra.* In the present case, the articles sought to be introduced were in no way probative of any propensities to violence of the decedent or other members of his union; their admission into evidence would, as the trial court found, raise collateral issues concerning the content of the articles not germane to the case at hand. Irwin was permitted to testify as to his having read such articles and as to how they affected his perception of union activities. We believe the trial court acted properly and well within its discretion in refusing admission of the articles themselves.

Irwin's second assignment of error is that the trial court wrongly denied defendant's request for a mistrial. The motion was made following a response by a Commonwealth witness which appellant alleges suggested to the jury that Irwin had a prior criminal record. The challenged statement, given by a police witness for the Commonwealth in response to a question concerning the appellant's demeanor at a preliminary hearing, was as follows:

"The defendant was very calm. He showed no emotion at all. At one point he looked at his wife and said, well, I did it again."

It is argued that the words "I did it again" implied the existence of a past criminal record.

Appellant relies specifically on our decisions following *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972) in which this Court has considered whether reversible error has occurred by allowing testimony by a Commonwealth witness from which the jury might infer that a defendant had a past criminal record. The rule, of course, is that the prosecution normally may not introduce evidence, whether direct or by implication, of a defendant's prior criminal conduct as probative of his guilt in the case being tried.[6] See e. g., *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337

---

**6.** As we noted in *Commonwealth v. Allen, supra,* this rule is not without certain exceptions. See *Commonwealth v. McIntyre*, 417 Pa. 415, 208 A.2d 257 (1965) and *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955).

A.2d 873 (1975); *Commonwealth v. Clark*, 453 Pa. 449, 309 A.2d 589 (1973); *Commonwealth v. Chalfa*, 313 Pa. 175, 169 A. 564 (1934). But, as we stated in *Commonwealth v. Banks*, 454 Pa. 401, 411, 311 A.2d 576, 581 (1973), "To warrant a characterization as prejudicial the testimony must convey to the jury, *either expressly or by reasonable implication*, the fact of a prior criminal offense." Emphasis added.) Under the facts of this case, the reference to "I did it again" did not, we believe, either expressly or by any reasonable implication convey the possibility of a prior criminal offense unrelated to the criminal episode *sub judice*. See *Commonwealth v. McFadden*, 464 Pa. 265, 346 A.2d 550 (1975); *Commonwealth v. Stoltzfus, supra; Commonwealth v. Banks, supra; Commonwealth v. Sharpe*, 449 Pa. 35, 296 A.2d 519 (1972). It is also significant that following the police officer's testimony (and a cautionary instruction by the trial judge), the district attorney stated in open court that the Commonwealth had no evidence or information that would indicate the appellant was involved in any criminal activity prior to the events of the instant case.[7] Thus, even were we to conclude that the challenged response might give rise to an adverse inference, the disavowal expressly negated it.

Judgments of sentence affirmed.

7. The statement by the district attorney came at the close of the Commonwealth's case and was as follows:

"Your Honor, this morning, the Commonwealth's last witness, Myron Blankley, took the stand and testified. In response to one of my questions Officer Blankley indicated to the Court that he overheard a statement made by the Defendant. That particular part of Officer Blankley's testimony was not responsive to my question.

"In all fairness to the Defendant, sir, I would indicate to the Court that the Commonwealth has no evidence, no information that would indicate that the Defendant, prior to August 7, 1974, was involved in any criminal activity." [Transcript at 435].