391 A.2d 1048

**COMMONWEALTH of Pennsylvania**

v.

**Eugene SPRUILL, Appellant.**

Supreme Court of Pennsylvania.

Argued March 14, 1978.

Decided Oct. 5, 1978.

602

Lester G. Nauhaus, John H. Corbett, Jr., Asst. Public Defenders, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

NIX, Justice.

Appellant, Eugene Spruill, was found guilty of murder of the first degree by a jury in the Court of Common Pleas of

604

Allegheny County. Post-trial motions were denied, appellant was sentenced to life imprisonment and this appeal followed.

██ The Commonwealth sought to establish that appellant had strangled Walter Turner, Jr., in the home of Mr. Turner, in the City of Pittsburgh and that thereafter Gerald Spruill, appellant's brother, Leonard Reed and Elmer Taylor, upon the orders of appellant, transported the body of the victim to a remote section of the Borough of Penn Hills, where they buried it.[1] Leonard Reed was called by the Commonwealth and the following testimony was elicited on direct examination:

> "Q. [By the prosecutor]. During the first few months that you knew him, how often would you see him and Miss Filmore? (referring to appellant)
>
> A. About every other day.
>
> Q. Did you ever do anything for him?
>
> A. Yes.
>
> Q. For example what?
>
> A. Buried a couple of bodies for him.
>
> Mr. Gettleman: I object to that and move for a mistrial.
>
> The Court: Objection denied. Motion denied."

" 'It is a fundamental precept of the common law that the prosecution may not introduce evidence of the defendant's prior criminal conduct as substantive evidence of his guilt of the present charge. It has been succinctly stated that [t]he purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presump-

---

1. In accordance with our duty to review the evidence in cases of murder of the first degree, Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187 (1964), we find that the evidence presented in the instant case was sufficient to support the conviction.

tion of innocence' . . . ." *Com. v. Terry*, 462 Pa. 595, 599–600, 342 A.2d 92, 94–95 (1975) quoting *Com. v. Clark*, 453 Pa. 449, 452–53, 309 A.2d 589, 590–91 (1973).

The Commonwealth asserts that the quoted testimony was merely a premature reference to the burial of the victim and as such did not constitute a reference to crimes other than the one for which appellant was then being tried. This position would be well taken had the witness merely stated that he had buried *one* body, but the reference was to a "*couple of bodies.*" It is difficult to conceive of the jury not treating this testimony as a reference to crimes other than the one for which appellant was being tried. Timely objection was made by counsel for appellant. The misstatement, if that is what it was could have been corrected by an instruction by the court, or by additional questioning by the Commonwealth's attorney to establish that the witness had made a misstatement. No instruction was given by the court, no correction was attempted and the jury was permitted to consider evidence of possible murders other than the one for which appellant was being tried. We therefore cannot accept the trial court's view that the jury construed this statement as a premature reference to the burial of the body of the victim in this case.

 Appellee argues that there are exceptions to the rule that reference to prior criminal activity of the accused constitutes error. With this statement we, of course, agree.[2] However, we cannot accept appellee's implied premise that the rule is so porous that it is virtually meaningless. The exceptions that have been recognized are instances where

---

2. For example evidence of other crimes is admissible when it tends to prove a common scheme, plan, motive or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the other or to establish the identity of the person charged with the commission of the crime on trial. *Commonwealth v. Terry*, 462 Pa. 595, 600, 342 A.2d 92 (1975); *Commonwealth v. Foose*, 441 Pa. 173, 272 A.2d 452 (1971); *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955). It is also permissible in some instances to impeach the accused's credibility by proof of a prior criminal record where he testifies at trial in his own behalf. *See* e. g., *Commonwealth v. McIntyre*, 417 Pa. 415, 208 A.2d 257 (1965).

there is a legitimate basis for the introduction of the evidence other than a mere attempt to establish the accused's predisposition to commit the crime charged.[3]

The Commonwealth argues that this evidence was admissible to establish the relationship between the witness and appellant. Assuming arguendo, that under some circumstances evidence of prior unrelated criminal activity may be permissible to show a relationship between the witness and the defendant, no such circumstances have been established in this record. The bald statement that the witness had buried "a couple of bodies" for the appellant without more, sheds little, if any, light upon the nature of the acquaintance that existed between the two.

Evidence of prior criminal activity (particularly of the type of conduct suggested by this statement) is probably only equalled by a confession in its prejudicial impact upon a jury. Thus, fairness dictates that courts should be ever vigilant to prevent the introduction of this type of evidence under the guise that it is being offered to serve some purpose other *than to demonstrate the defendant's propensity to commit the charged crime.* An additional reason why we caution trial courts against being innovative in carving out new exceptions to the rule is that evidence of prior criminal activity requires the accused to answer additional charges which were not included in the indictment returned against him. Where the testimony is admissible under the traditional exceptions counsel for an accused can anticipate its introduction and thus prepare a response. Where a novel exception provides the basis for the entry of such testimony, the appellant cannot reasonably be expected to be prepared

**3.** For example we explained the exception of using prior convictions where the accused appeared as a witness at the trial:

"This rule of evidence is founded on common sense and logic. If a defendant offers himself as a person worthy of belief, the jury has the right to know what kind of man he is—to aid in assessing his credibility. His previous record is admissible for this purpose just the same as testimony of prior reputation for veracity is evidence for the jury's consideration." *Commonwealth v. Butler*, 405 Pa. 36, 46–47, 173 A.2d 468, 473–74 (1961).

to meet it. In the latter case, serious due process concerns are raised.

We are satisfied that the result of the introduction of this evidence was to unjustifiably blacken the character of the appellant in the minds of the jury and to show his propensity to commit the crime charged. We will not permit this type of testimony to overcome the presumption of innocence.

Judgment of sentence reversed and a new trial ordered.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. The evidence of Eugene Spruill's guilt is overwhelming. Two eyewitnesses, who were friends of the defendant, testified to the strangling of the victim by Spruill while the victim was tied to a chair. Ten other witnesses supported this proposition of guilt. No witnesses testified on behalf of the defendant as to his innocence.

Balancing this evidence against the unfortunate slip of the tongue by a witness that he had "buried a couple of bodies for him (defendant)", I find the "error" to be harmless beyond a reasonable doubt. This is especially so in view of the fact that the judge, in his charge to the jury, stated: "The fact that a person commits a previous crime or is involved in criminal activity does not mean that he committed the crime for which he stands charged. The Commonwealth must prove beyond a reasonable doubt that Eugene Spruill murdered Walter Turner on May 22, 1972." The majority opinion has failed to use this "balancing of evidence versus the 'error' " test.

All too often some people confuse a fair trial with a perfect trial. We only guarantee a defendant a fair trial— not a perfect trial. There has never been, nor will there ever be, a perfect trial. The judgment of sentence should be affirmed.