431 A.2d 978

COMMONWEALTH of Pennsylvania, Appellee,

v.

T. H. STYLES, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 29, 1981.

Decided July 8, 1981.

Stanley P. Stern, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

KAUFFMAN, Justice.

Following a jury trial in the Court of Common Pleas of Philadelphia, appellant, T. H. Styles, was convicted of third degree murder and possession of an instrument of crime in connection with the shooting death of Salone Ferrell. Post verdict motions were denied, and appellant was sentenced to concurrent prison terms of 7 to 20 years for the murder conviction and 2½ to 5 years for the weapons offense. Appellant here argues that the trial judge (1) erred in allowing the Commonwealth to introduce evidence of subse-

quent criminal conduct and (2) abused her discretion in denying appellant's motion for a mistrial after an outburst by a spectator in the courtroom. Finding both of these contentions to be without merit, we affirm the judgment of sentence.[1]

The relevant facts are as follows: At approximately 3:00 p. m. on February 2, 1978, appellant discovered his wife sitting in a parked car with Ferrell near the 1201 Bar in South Philadelphia. He ran over, opened the car door, grabbed her by the collar and slapped her. During the argument that followed, Ferrell told appellant to "pick on me." Appellant then drove to his mother-in-law's house and obtained a loaded shotgun.

Later that afternoon, appellant confronted his wife at a neighbor's house and threw a shotgun shell at her, stating, "This one is for you." He then left the house and returned to the 1201 Bar, where Ferrell was employed as a bartender. Holding the loaded shotgun, appellant entered the bar, walked to within a few feet of a pool table where Ferrell was standing, said, "I told you I'd be back," and shot him. Appellant began to aim the shotgun again, but a patron in the bar struggled with him and prevented a second shot. With the gun still in his hands, appellant fled, but was apprehended outside the bar by two passing police officers.

Following his arrest, appellant was taken to Graduate Hospital where Ferrell, who was in critical condition, identified him as his assailant. Appellant was then charged with attempted murder, aggravated assault and various lesser offenses in connection with the shooting. Later that night, he was released on bail. Ferrell died early the next day, however, and an arrest warrant was issued charging appellant with murder.

At approximately 6:30 p. m. on the day after the shooting, appellant was again arrested when he was observed by police walking down the street carrying a sawed-off shot-

---

1. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 722.

gun.[2] It was not until after appellant was taken to District Headquarters that police became aware of the outstanding warrant for his arrest in the Ferrell murder.

At trial, the prosecution sought to prove that appellant had intentionally killed Ferrell as part of a plan to murder both Ferrell and his wife. Taking the stand in his own defense, appellant testified that he had gone back to the bar only to force an "apology" from Ferrell; that he never intended to kill him; and that the shotgun discharged accidentally.[3]

Appellant first contends that the trial judge erred in permitting the Commonwealth to present evidence of his possession of a sawed-off shotgun and a pocket full of shells the day after the shooting. We disagree.

It is well settled that evidence of other unrelated criminal conduct of an accused is generally inadmissible to prove his commission of the crime for which he is being tried. *Commonwealth v. Brown*, 489 Pa. 285, 414 A.2d 70 (1980); *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973). As we have stated:

" '[t]he purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence.' "

2. Possession of a sawed-off shotgun is a misdemeanor of the first degree under section 908 of the Crimes Code. 18 Pa.C.S.A. § 908. Pursuant to appellant's pre-trial motion, this latter charge was severed from the charges relating to Ferrell's murder.

3. Appellant testified that he had been "pistol whipped" by Ferrell during their earlier confrontation and that he went back to the bar to extract an apology from him "for disrespect to [him] as a man." (N.T. 344). In contrast, appellant's wife testified that although Ferrell was carrying a gun at the time of the confrontation, he did not draw it from "underneath his jacket" or use it to threaten or "pistol whip" appellant.

*Commonwealth v. Spruill,* 480 Pa. 601, 604–5, 391 A.2d 1048, 1049–50 (1978), quoting *Commonwealth v. Terry,* 462 Pa. 595, 599–600, 342 A.2d 92, 94–95 (1975) and *Commonwealth v. Clark,* 453 Pa. 449, 452–53, 309 A.2d 589, 590–91 (1973). It is equally settled, however, that evidence of other crimes *is* admissible where it is relevant to prove (1) motive, (2) intent, (3) a common scheme or plan involving the commission of two or more crimes so closely related that proof of one tends to prove the other, (4) the identity of the accused as the perpetrator, (5) accident or (6) lack of mistake. *Commonwealth v. Brown, supra.*

At trial, there was no question that appellant shot and killed Ferrell; the only issue was whether the shooting was intentional or accidental. It is inconceivable that one who claims to have shot and killed another by accident would virtually immediately thereafter arm himself with another gun—a sawed-off shotgun—and walk the streets with it and a pocket full of shells.[4] Accordingly, we conclude that appellant's subsequent criminal conduct within hours after the shooting was admissible to rebut his claim that the shotgun discharged accidentally.

Appellant further contends that the trial judge abused her discretion in refusing to declare a mistrial after an "emotional outburst" in the courtroom by a spectator.[5]

4. Appellant argues that his subsequent criminal conduct was not relevant to negate his claim of accident because the sawed-off shot gun was not loaded and because the shells he was carrying did not fit the gun. We disagree. While these factors bear upon the weight to be accorded the evidence, they do not render appellant's subsequent criminal conduct so dissimilar as to render it totally irrelevant to the question at hand. Indeed, there was no evidence that appellant did not know the shells he was carrying would not fit the gun.

5. In the Opinion of the court below, the so-called "outburst" is described as "audible ... [but] brief ... crying, not ... words." The incident occurred during the course of appellant's cross-examination; however, the record does not clearly reflect either the nature of the "outburst" or its source. Appellant states in his brief that the "outburst" was made by his wife; the trial judge characterizes the source as merely a "person who was seated in the courtroom" and a "spectator." Regardless of its source, we are not persuaded that the "outburst" was prejudicial.

"A motion for mistrial is addressed to the discretion of the court . . . [and] in the area of bystander misconduct, . . . it is primarily within the trial judge's discretion to determine whether the defendant was prejudiced by the misconduct." *Commonwealth v. Craig*, 471 Pa. 310, 313, 370 A.2d 317, 319 (1977). When the incident occurred, a short recess was ordered, and at the close of appellant's testimony, the trial judge instructed the jury:

> Now, ladies and gentlemen, you will remember that during the witness' testimony there was a brief outburst by a person who was seated in the courtroom. You are not in any way to be inflamed by that outburst. You are not to let that in any way prejudice you against the defendant. So erase from your mind whatever you saw of that brief episode.

(N.T. 451–52). Appellant has failed even to make an effort to describe any manner in which he was prejudiced by the so-called "outburst," and, on the present record, we cannot conclude that the trial judge abused her discretion in refusing to declare a mistrial.[6]

Accordingly, the judgment of sentence is affirmed.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

I dissent. The trial court erred in permitting the Commonwealth, over defense objection, to discredit appellant's defense by way of evidence that, on the day after commission of the offenses charged, appellant was arrested while possessing an unloaded shotgun and shells which did not fit the gun. This error in admitting such highly prejudicial evidence over defense objection requires that the judgment of sentence be vacated and a new trial ordered.

It is hornbook law that "the prosecution may not introduce evidence of other criminal acts of the accused unless

---

6. Appellant does no more than make the bald assertion that the outburst was "highly prejudicial and inflammatory."

the evidence is substantially relevant for some other purpose than to show a probability that he committed the crime on trial because he is a man of criminal character." McCormick on Evidence § 190 at 447 (Cleary ed. 1972). See, e. g., 1 Wigmore on Evidence §§ 192–194 (3d ed. 1940). As our cases have often stated,

> "[t]he purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence."

*Commonwealth v. Spruill,* 480 Pa. 601, 604–605, 391 A.2d 1048, 1049–50 (1978). Accord, e. g., *Commonwealth v. Terry,* 462 Pa. 595, 342 A.2d 92 (1975); *Commonwealth v. Clark,* 453 Pa. 449, 309 A.2d 589 (1973); *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972).

The majority recognizes the general prohibition against introduction of other criminal acts. However, the majority points to the exception permitting the introduction of evidence which tends to show, "by similar acts or incidents, that the act on trial was not inadvertent, accidental, unintentional, or without guilty knowledge." McCormick, supra, at p. 450 (footnote omitted). In the view of the majority, the Commonwealth permissibly introduced evidence that, on the day after the shooting, appellant possessed an unloaded shotgun and shells which did not fit the gun because the evidence tended to negate appellant's claim that the shooting was wholly accidental.

Contrary to the majority's summary assertion, the challenged evidence utterly fails to negate appellant's claim of accident. Essential to the legitimate use of other criminal conduct as a means of negating a claim of accident is

similarity. See *Commonwealth v. Raymond,* 412 Pa. 194, 194 A.2d 150 (1963). As Wigmore explains,

"it is at least necessary that prior acts should be *similar.* Since it is the improbability of a like result being repeated by mere chance that carries probative weight, the essence of this probative effect is the likeness of the instance."

II Wigmore on Evidence § 302 at 245 (Chadbourn rev. 1979). Here, the subsequent conduct, possession of the unloaded gun and shells which did not fit the gun, bore no similarity to the act of shooting for which appellant was being tried. Indeed, the record fails even to suggest that appellant had ever used the second shotgun. Thus this evidence carries no probative weight on the issue of whether the shooting was accidental. See *Commonwealth v. Bond,* 261 Pa.Super. 311, 318, 396 A.2d 414, 417 (1978) (Spaeth, J.) (previous unsuccessful extortion threat against robbery victim not sufficiently similar to robbery to show intent to rob).

The Commonwealth maintains that any error in permitting the introduction of the unloaded shotgun and shells which did not fit the gun was harmless beyond a reasonable doubt in view of the allegedly "overwhelming" evidence of appellant's guilt. However, if the Commonwealth's evidence is so overwhelming, obviously no interest of justice was advanced by the Commonwealth's insistence on the admission of prejudicial evidence over objection, wholly lacking in probative value, and the trial court's admission of such evidence. Indeed, the fourteenth amendment forbids "fundamental unfairness in the use of evidence whether true or false." *Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166 (1941). A truth-seeking process founded upon integrity and fairness and dedicated to the evenhanded administration of criminal justice manifestly cannot condone convictions stained by prosecutorial evidence which impermissibly impugns the accused. A verdict so obtained cannot stand.

Appellant should be granted a new trial.