456 A.2d 1072

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Thomas Joseph CARNEY.**

Superior Court of Pennsylvania.

Submitted Feb. 17, 1982.

Filed Feb. 18, 1983.

Petition for Allowance of Appeal Denied Aug. 1, 1983.

---

550

Kenneth A. Osokow, Assistant District Attorney, Williamsport, for Commonwealth, appellant.

Gregory V. Smith, Williamsport, for appellee.

Before CERCONE, President Judge, and JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal by the Commonwealth from an order of the lower court which granted appellee, Thomas Joseph

Carney, a new trial.[1]  The Commonwealth alleges that the lower court committed an error of law when it ruled a new trial was required owing to a prosecution witness's response on direct examination.  We conclude, from our examination of the record, that the lower court did in fact err when it granted appellee a new trial.  Therefore, we reverse and remand for reinstatement of appellee's verdict, disposition of appellee's remaining post-verdict motions and for sentencing.

Appellee was tried on six counts of receiving stolen goods.  One Robert Moon testified as to his commission of several burglaries, after which he took the stolen items to the residence of appellee where he sold them to appellee.  Then a Mr. Bloom, appellee's roommate, testified.  He stated that he was present when Moon brought the second shipment of stolen items.  The prosecutor questioned Bloom thus.

Q.  All right, sir.  You have—a couple of things here.  You say you believe there was a price quoted and it was too high?

A.  Yeah, it was, to my recollection.  You have to understand that it's been quite some time since this happened.  At that time, it was a very insignificant thing.

Q.  What do you mean by that?

A.  Meaning—

BY [DEFENSE COUNSEL]:  Objection, Your Honor, as to what he means by that.

BY THE COURT:  Overruled.

A.  *Meaning that I knew that things like that have happened before and I hadn't participated in them* up to that point and—

Counsel for appellee objected to the underlined portion of the testimony on the grounds that it inferred unrelated criminal activity on the part of appellee and moved for a

1. The Commonwealth may appeal as of right an order by the lower court awarding a new trial where the Commonwealth claims that the lower court committed an error of law.  Pa.R.A.P. 311(a)(5), 42 Pa.C.S.A.

mistrial on that ground. The motion was denied and the jury was instructed to disregard the answer.

After the jury returned a verdict of guilty, the defendant again pressed this point in support of a motion for new trial. The lower court granted the motion, and concluded that it was compelled to do so as a matter of law under *Commonwealth v. Clark,* 453 Pa. 449, 452, 309 A.2d 589, 590 (1973).

The Commonwealth claims that the granting of this new trial was error in that the remark could not reasonably be understood by the jury as relating to prior unrelated criminal activity by appellee and that, as a matter of law, the curative instruction given by the trial judge to disregard the answer was sufficient. We agree with both contentions.

■ While the trial court has power to order a new trial "in its discretion", that is not an unbridled power. Rather, a trial court's discretion is to be measured against legally cognizable standards. In this sort of situation, our Supreme Court has recently instructed that both the nature of the reference (to the prior unrelated criminal activity) and whether the Commonwealth intentionally elicited the remark are pertinent in reviewing the trial court's exercise of discretion in granting a new trial on this basis. *Commonwealth v. Richardson,* 496 Pa. 521, 526–527, 437 A.2d 1162, 1165 (1981). Moreover, "to warrant a characterization as prejudicial the testimony must convey to the jury either expressly or by implication, the fact of a prior criminal offense." *Commonwealth v. Irwin,* 475 Pa. 616, 622, 381 A.2d 444, 447 (1977).

■ The nature of the reference in this case is, at most, oblique. That the witness "knew that things like that have happened before" has no direct or indirect relation to appellee's knowledge. That the witness "hadn't participated in them up to that point" is merely a statement self-serving in nature and cannot be interpreted as a reference to appellee.

Taken together, there is hardly the suggestion that appellee had engaged in any such activities prior to those for which he was currently being tried.

The case of *Commonwealth v. Clark, supra,* upon which the lower court relied in granting the new trial, involved a reference by a witness to the fact that the defendant "was in prison," 453 Pa. at 452, 309 A.2d at 590. A mistrial was requested, denied by the lower court and no cautionary instructions were given. The Supreme Court reversed and granted a new trial.

The grant of a new trial in *Clark* and in many other cases [2] is clearly warranted when the nature of the references is examined. However, we fail to see how the challenged reference in this case could reasonably be understood to refer to prior criminal conduct by appellee.

Additionally, there is no evidence that the Commonwealth intentionally elicited the challenged response.

We conclude that any such inference was too remote at best and certainly undone by the curative instruction that the jury disregard the testimony—testimony which could hardly be comprehended in the fashion appellee urged in the first place.

Therefore, we reverse and remand for reinstatement of the verdict, dispositions of remaining post verdict motions and for sentencing. Jurisdiction is not retained.

2. *Cf., Commonwealth v. Spruill,* 480 Pa. 601, 391 A.2d 1048 (1978) (New trial warranted by witness's remark that he had buried "a couple of bodies" for defendant); *Commonwealth v. Taylor,* 460 Pa. 616, 334 A.2d 261 (1975) (Unexplained reference to possession of defendant's photograph by police could be reasonably inferred by jury to relate to prior criminal activity; new trial ordered); *Commonwealth v. Groce,* 452 Pa. 15, 303 A.2d 917 (1973) (new trial granted because of police officer's testimony that in all his years as a police officer, he had heard the defendant's name before.); *Commonwealth v. DeCampli,* 243 Pa.Superior Ct. 69, 364 A.2d 454 (1976) (Systematic, repetitive references to "other incidents", "prior acquaintance", and "other cases" could not possibly be interpreted except as appellant's involvement in prior criminal activity.)