J-S38032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLYDE WILLIAMS | |
| Appellant | No. 3057 EDA 2013 |

Appeal from the Judgment of Sentence October 29, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002407-2012

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                     **FILED MAY 06, 2016**

A jury found Clyde Williams guilty of aggravated assault[1] and not guilty of terroristic threats.  On October 29, 2013, the trial court sentenced Williams to 2-4 years' imprisonment followed by two years' probation.  In this timely direct appeal, Williams raises a single issue: whether the court erred in admitting evidence of Williams' prior assault against the victim as a prior bad act under Pa.R.E. 404(b).  For the reasons that follow, we affirm.

The incident for which the jury found Williams guilty of aggravated assault took place on November 9, 2011.  On that date, the victim, B.O.B., woke up in the morning on a couch in her home that she shared with Williams, their four-year-old daughter C. and her eleven-year-old son K.

---

[1] 18 Pa.C.S. § 2702(a)(1).

B.O.B. and Williams had argued the night before, and Williams left the house proclaiming that he was going to "f"[2] someone.

B.O.B., who was two months pregnant with Williams' child, went downstairs to their basement bedroom and found Williams in bed with another woman. B.O.B. screamed at Williams: "How can you do this to me? I'm pregnant." Williams stood up, grabbed B.O.B. by the throat, told her to shut the "f" up and put her up against the wall. Still screaming, B.O.B. walked upstairs with Williams in pursuit. Williams put his forearm against her throat and pinned her against a wall, yelling at her to "shut up". B.O.B. was unable to breathe. K. ran downstairs, but Williams chased him upstairs. Williams returned to the living room, pushed B.O.B. onto a love seat and jammed his knee into her stomach. He put his hands around her throat and told her he was going to kill her and their baby. K. returned downstairs, and Williams grabbed him by the throat, screaming: "What are you going to do?" K. could not breathe. Williams released K. and went down to the basement. B.O.B. had K. leave the house, dressed C., and drove to the police station, where she reported the assault. Later that month, B.O.B., K. and C. moved to North Carolina. N.T., 8/6/13, at 26-40, 49-53, 96-103, 119-123.

Prior to trial, the Commonwealth notified Williams that it intended to submit evidence of another assault against B.O.B. in July 2011, four months

_____

[2] B.O.B. declined to repeat the obscenity in open court.

before the assault in question, to demonstrate Williams' intent and absence of mistake. The Commonwealth moved to admit this evidence under Pa.R.E. 404(b), and the court granted this motion following a pre-trial hearing.

In the July 2011 incident, Williams argued with B.O.B. because she refused to leave C. with him when she went out. Williams grabbed B.O.B. by her hair, pulled her out of the room and down several steps face first. He then punched B.O.B. in the face and kicked her in the face and side of her head until she lost consciousness. B.O.B. awoke in the dining room and found Williams wiping blood off of her face with a rag. N.T., 8/6/13, at 41-49, 114-115.

Williams preserved his Rule 404(b) issue for appeal in a supplemental Pa.R.A.P. 1925(b) statement, which stated:

> The lower court erred when it granted the Commonwealth's motion to admit other acts evidence. The Commonwealth failed to meet any of the recognized exceptions to Rule 404(b) of the Pennsylvania Rules of Evidence, including intent. The only purpose for the admission of the prior act was to show propensity which is specifically prohibited by Rule 404(b). The evidence was highly prejudicial at trial and outweighed any limited probative value.[3]

---

[3] Through no fault of Williams, he was unable to raise this issue in a Rule 1925(b) statement until almost 15 months after sentencing. On December 4, 2013, the trial court ordered Williams to file his Rule 1925(b) statement within 21 days after receipt of the notes of testimony. On November 4, 2014, still not in receipt of the notes of testimony despite the passage of eleven months, Williams filed a Rule 1925(b) statement challenging the sufficiency and weight of the evidence. On the same date, Williams filed a motion for leave to file a supplemental Rule 1925(b) statement upon receipt of the notes of testimony. On January 20, 2015, the court reporter finally
*(Footnote Continued Next Page)*

J-S38032-16

We review challenges to the admission of evidence for abuse of discretion. **Commonwealth v. Kennedy**, 959 A.2d 916, 923 (Pa.2008); **Commonwealth v. Kendricks**, 30 A.3d 499, 503 (Pa.Super.2011). An abuse of discretion is not merely an error of judgment but "the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill–will or partiality as shown by the evidence of record." **Commonwealth v. Weakley**, 972 A.2d 1182, 1189 (Pa.Super.2009).

_(Footnote Continued)_ ─────────────────

published the notes of testimony, apparently in response to a notice from the court scheduling a contempt hearing for its lack of diligence. On January 29, 2015, Williams filed an amended Rule 1925(b) statement raising the Rule 404(b) issue. On March 18, 2015, the court filed a Rule 1925(a) opinion addressing Williams' weight and sufficiency issues. On June 30, 2015, the court filed a Rule 1925(a) opinion analyzing, _inter alia_, Williams' Rule 404(b) issue. Although the court never issued an order granting Williams' motion for leave to file a supplemental Rule 1925(b) statement, it implicitly granted Williams' motion by addressing the merits of the Rule 404(b) issue in its opinion.

We have held that an appellant who has filed a timely Rule 1925(b) statement and then, for good cause shown, discovers that additional time is required to file a supplemental statement, may file a separate petition seeking permission to file a supplemental statement _nunc pro tunc_. **See Commonwealth v. Woods**, 909 A.2d 372, 378 (Pa.Super.2006). Here, Williams' initial Rule 1925(b) statement was timely under the terms of the trial court's December 4, 2014 order. Moreover, Williams filed a separate motion seeking leave to file a supplemental Rule 1925(b) statement, and he had good cause for filing a supplemental statement due to the court reporter's delay in transcribing the notes of testimony. Under these circumstances, Williams was entitled to file a supplemental Rule 1925(b) statement raising the Rule 404(b) issue.

- 4 -

Evidence is relevant and admissible "if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Kinard*, 95 A.3d 279, 284 (Pa.Super.2014) (en banc); Pa.R.E. 402.

Pa.R.E. 404(a)(1) provides: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Thus, evidence of other crimes, wrongs or acts is not admissible to show a defendant's bad character or his propensity to commit crime. *See Commonwealth v. Kinard*, 95 A.3d 279, 284 (Pa.2014). On the other hand, evidence of prior bad acts is relevant and admissible when offered for legitimate purposes, such as to prove motive, intent, absence of mistake or accident, common scheme, plan or design, identity, or where such evidence forms a part of the natural development of the facts at issue. Pa.R.E. 404(b)(2).

Under Rule 404(b)(2), the defendant's prior abuse of a victim may be admissible to prove motive, malice, intent and ill-will. *Commonwealth v. Drumheller*, 808 A.2d 893, 905 (Pa.2002) (evidence of four protection from abuse petitions filed by victim against defendant in three years preceding victim's murder admissible in capital murder trial to show motive, malice, intent and ill-will); *Commonwealth v. Ulatoski*, 371 A.2d 186, 190 (Pa.1977) (testimony of witnesses who observed bruises on body of

decedent (defendant's wife) as much as seventeen months before her death admissible to show that her death was more likely intentional than accidental); *accord Commonwealth v. Powell*, 956 A.2d 406, 419 (Pa.2008) (in trial for capital murder of six-year-old son, witness's testimony that defendant threw glass of water in son's face admissible to show intent and malice). In addition, evidence concerning the relationship between the defendant and the victim may be relevant and admissible to prove ill will, malice, or motive. *See Commonwealth v. Stallworth*, 781 A.2d 110, 118-19 (Pa.2001) (witnesses' testimony regarding threats they heard defendant make to his estranged wife, that he would shoot her if she ever sought support payments from him, and that he would "put her six feet under" if she ever attempted to restrict his ability to see his daughter, were relevant to establishing defendant's motive for her murder, where defendant killed victim within three weeks after victim sought support payments and after defendant learned of restriction in PFA order concerning visitation with his daughter).

Evidence of other crimes is not precluded merely because it prejudices the defense. *Commonwealth v. Brown*, 414 A.2d 70, 75 (Pa. 1980). All evidence of guilt is prejudicial to the defense; the Rules of Evidence only prohibit unfair prejudice. *Commonwealth v. Hairston*, 84 A.3d 657, 670 (Pa.2014). Not only prior crimes, but prior wrongs and acts, are admissible

when offered for a proper evidentiary purpose. **Commonwealth v. Ardinger**, 839 A.2d 1143, 1146 (Pa.Super.2003).

Here, the evidence that Williams inflicted a savage beating on B.O.B. in July 2011, four months before the assault in question, was admissible to demonstrate his malice, intent and ill-will, as well as the absence of accident or mistake. The court properly limited the jury's consideration of the prior abuse to these purposes and directed the jury not to consider it for any other purpose.[4]   N.T. 8/6/13, 171-172.   The court's admission of this evidence was a proper exercise of its discretion.

Williams cites **Commonwealth v. Spruill**, 391 A.2d 1048 (Pa.1978), for the proposition that the evidence merely demonstrated his propensity to commit crime. **Spruill** is not on point. There, during the defendant's trial for murder, a witness testified that he had "[b]uried a couple of bodies for [the defendant]." **Id**. at 1049. In the course of determining that this testimony was inadmissible, our Supreme Court held that this testimony was inadmissible to establish the relationship between the defendant and the witness:

> Assuming arguendo, that under some circumstances evidence of prior unrelated criminal activity may be permissible to show a relationship between the witness and the defendant, no such

---

[4] Williams contends that the evidence of his prior attack on B.O.B. was inadmissible to prove knowledge or the history of this case. The court's jury instruction demonstrates that it did not admit the evidence for these purposes.

> circumstances have been established in this record. The bald statement that the witness had buried 'a couple of bodies' for the appellant without more, sheds little, if any, light upon the nature of the acquaintance that existed between the two.

*Id*. at 1050. Here, in contrast, Williams' prior attack was directly relevant to demonstrate his hostile relationship with a particular victim, B.O.B., and his intent to resolve disagreements or arguments with B.O.B. through brutal violence. *Cf. Stallworth*, 781 A.2d at 118-19 (defendant's prior threats against particular victim, his estranged wife, that he would shoot or kill her if she sought support payments or denied him access to daughter, were relevant to establishing his motive for murdering her shortly after victim sought support payments and obtained PFA order restricting visitation with daughter).

Finally, Williams contends that the trial court failed to balance the probative value of the July 2011 assault against its prejudice.[5] We disagree. In its June 30, 2015 opinion, the trial court acknowledged Rule 404(b)(2)'s requirement that the probative value of prior bad acts evidence must outweigh its prejudice, and it went on to determine that the July 2011 assault was "clearly admissible" to show Williams' intent, ill will, malice and motive. The court implicitly determined that the probative value of the

---

[5] The Commonwealth states incorrectly that Williams waived this argument by failing to raise it below. The record reveals that Williams raised this issue in his written response in opposition to the Commonwealth's motion to admit Williams' prior assault into evidence.

evidence outweighed its prejudice. We see no reason to disagree with this decision. Indeed, the jury's decision to acquit Williams of terroristic threats indicates that it was not prejudiced by the admission of the July 2011 evidence, and that it carefully analyzed all evidence before reaching its verdict.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016