J-A07030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON MCGONIGAL | : | |
| | : | |
| Appellant | : | No. 1101 MDA 2017 |

Appeal from the PCRA Order June 12, 2017
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000474-2013

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 01, 2018**

Appellant, Jason McGonigal, appeals from the order entered on June 12, 2017, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On December 20, 2012, around 9:30 p.m., Monroe Bell entered the Puff Super Value store in Philipsburg, Pennsylvania. Peggy Marty, a store employee, was re-stocking the soda cooler. She heard Bell enter and went to the counter. Bell pulled out a knife and told Marty to "get all the money out of the register." Bell also told Marty to give him the cash from a second register that was used for lottery receipts. He then demanded two cartons of cigarettes. As Bell left the store, Marty heard someone immediately outside the door say, "Let's get the fuck out of here." However, Marty was unable to see the person outside.
>
> An informant provided information to the police that Bell was involved in this robbery. When questioned by the police, Bell

_____

* Former Justice specially assigned to the Superior Court.

confessed to the robbery and implicated [Appellant] as the person outside the store.

At [Appellant's] jury trial, Bell testified as follows. [Bell] was living with his friend, Donald Pearsall, and Pearsall invited [Appellant], who was a friend of theirs from school, to stay for a few days. At that time, Bell was using drugs on a daily basis and claimed that [Appellant] did as well. [Appellant] suggested that he and Bell could get money for drugs by robbing a store. [Appellant] told Bell what they should wear and what kind of weapon to use. [Appellant] said that they should rob the store around 9:30 p.m., because it would be near closing time and it was unlikely that there would be customers inside the store. Initially, Bell refused to participate. However, he and [Appellant] were drinking alcohol and [Appellant] convinced him. They discussed that [Appellant] was going to stay outside as a look-out, while Bell went inside to rob the store. Bell and [Appellant] got dressed in the dark clothing that they had discussed. [Appellant] got a knife. Then, they walked to the store. [Appellant] waited outside while Bell went into the store. As Bell was leaving [the store], [Appellant] opened the door and told Bell to hurry up. They returned to Pearsall's house and divided the money and cigarettes. Bell gave some money to Pearsall.

Pearsall testified that he overheard Bell and [Appellant] talking about their plan to rob the store. Pearsall said that Bell did not want to participate in the robbery and that [Appellant] was trying to convince Bell. Pearsall heard [Appellant] say that he would watch the door while Bell went in with a knife. Pearsall told them not to do it because he did not want any trouble occurring at his house. Pearsall went to bed, but woke up later that night and saw Bell and [Appellant] with money, a ski mask, gloves, and cartons of cigarettes.

On September 16, 2013, the jury found [Appellant] guilty of conspiracy to commit robbery, conspiracy to commit theft by unlawful taking, conspiracy to commit receiving stolen property, and receiving stolen property. [18 Pa.C.S.A. § 903 (18 Pa.C.S.A. § 3701(a)(1)(ii)); 18 Pa.C.S.A. § 903 (18 Pa.C.S.A. § 3921(a)); 18 Pa.C.S.A. § 903 (18 Pa.C.S.A. § 3925(a)); and 18 Pa.C.S.A. § 3925(a), respectively.] [Appellant] was acquitted of robbery and theft. On October 17, 2013, [Appellant] was sentenced to five to ten years' incarceration. On October 28, 2013, [Appellant] timely filed a post-sentence motion for a new trial in which he raised a

- 2 -

weight of the evidence claim. In a memorandum opinion, the trial court denied the motion on February 26, 2014.

On March 26, 2014, [Appellant] timely filed a notice of appeal. The trial court ordered, and [Appellant] timely filed, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.1925(b). The trial court filed an opinion that adopted the rationale that the court set forth in its February 26, 2014 memorandum. [This Court affirmed Appellant's judgment of sentence in an unpublished memorandum filed on March 30, 2015.]

*Commonwealth v. McGonigal*, 2015 WL 7454233 (Pa. Super. 2015) (unpublished memorandum) at *1–2.

Appellant filed a timely PCRA petition on April 4, 2016. Originally, the PCRA court entered an order purporting to dismiss the PCRA petition, but it subsequently entered an amended order on October 5, 2016 giving Appellant notice of the PCRA court's intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Thereafter, the PCRA court granted Appellant leave of court to file an amended PCRA petition. Appellant filed an amended PCRA petition on November 14, 2016. The PCRA court entered an order, and accompanying opinion, giving Appellant Rule 907 notice on April 3, 2017. On June 12, 2017, the PCRA court entered an order dismissing Appellant's amended PCRA petition. This timely appeal resulted.[1]

Appellant presents the following issues for our review:

---

[1] Appellant filed a notice of appeal on July 10, 2017. On July 18, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on August 8, 2017. On August 14, 2017, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) largely incorporating its rationale from its April 3, 2017 opinion.

I.  Whether the [PCRA] court erred in denying Appellant['s] PCRA petition, and, in doing so:

   a. Finding trial counsel was not ineffective for failing to object to prior bad act testimony;

   b. Finding trial counsel's line of questioning of Commonwealth witness Pennsylvania State Police Trooper [Richard] Hoover regarding Appellant['s] prior bad acts was reasonable; and,

   c. Finding trial counsel's failure to request a jury instruction on the issue of prior bad acts had a reasonable basis.

Appellant's Brief at 4.

Appellant argues, in three sub-arguments, that trial counsel was ineffective in her treatment of prior bad acts. *Id.* at 11-20. More specifically, Appellant claims that trial counsel elicited testimony from Trooper Richard Hoover pertaining to Donald Pearsall, an acquaintance of Appellant and co-defendant, Monroe Bell. *Id.* at 13. Trial counsel asked whether Pearsall told Trooper Hoover that Appellant "had used too many people in the past and didn't want to see him get away with it." *Id.* Thereafter, when the Commonwealth questioned Trooper Hoover on re-direct examination, Trooper Hoover testified that Pearsall "mentioned that [Appellant] had got him tied up in criminal activity." *Id.* at 14. Appellant argues that the PCRA court erred by opining that the aforementioned testimony were merely fleeting references to criminal activity and objecting would have necessarily drawn reference to it. *Id.* at 13. Appellant further argues that trial counsel was ineffective for questioning Trooper Hoover about his conversations with an informant wherein the informant revealed that Appellant was involved in another,

unrelated robbery at a "mini mart." ***Id.*** at 17. Appellant claims that trial counsel could have narrowly tailored her questions to avoid testimony pertaining to another robbery. ***Id.*** at 18. Appellant maintains "trial counsel was ineffective for failing to request a curative or cautionary jury instruction regarding the prior bad act testimony elicited[.]" ***Id.*** at 19.

On appeal from the denial of PCRA relief,

> our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa. Super. 2012) (internal quotations and citations omitted).

Our Supreme Court previously determined:

> In order to prevail on a claim of ineffective assistance of counsel, an appellant must show: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Hutchinson***, 811 A.2d 556, 561 (Pa. 2002) (internal quotations and citations omitted).

Regarding prior bad acts under Pa.R.E. 404(b), our Supreme Court stated:

> Evidence of prior bad acts is inadmissible to prove character or to show conduct in conformity with that character. Such evidence is, however, admissible when offered to prove some other relevant

fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. […T]here are exceptions to the rule that reference to prior bad acts is error "where there is a legitimate basis for the introduction of the evidence other than a mere attempt to establish the accused's predisposition to commit the crime charged." [**See Commonwealth v. Spruill**, 391 A.2d 1048, 1050 (Pa. 1978)].

However, while evidence of prior bad acts may be relevant and admissible, there is the "potential for misunderstanding on the part of the jury when this type of evidence is admitted." **Commonwealth v. Claypool**, 495 A.2d 176, 179 (Pa. 1985). This evidence must, therefore, "be accompanied by a cautionary instruction which fully and carefully explains to the jury the limited purpose for which that evidence has been admitted." **Id.** In the context of an ineffectiveness claim, counsel's failure to request a cautionary instruction regarding evidence of other crimes or prior bad acts does not constitute *per se* ineffectiveness; "[r]ather, in order to obtain relief under such a claim, a defendant must still satisfy each of the three prongs of the test for ineffective assistance of counsel." **Commonwealth v. Buehl**, 658 A.2d 771, 778 (Pa. 1995) (plurality).

**Commonwealth v. Weiss**, 81 A.3d 767, 798 (Pa. 2013) (some internal citations and quotations omitted).

Moreover,

[w]here evidence of a defendant's prior bad acts is merely a fleeting or vague reference, however, trial counsel might reasonably decline to object or request a limiting instruction to avoid drawing attention to a reference that might have gone relatively unnoticed by the jury.

**Hutchinson**, 811 A.2d at 562.

Here, the PCRA court found that Appellant "ha[d] not proven his claim for ineffective assistance of counsel, because [trial counsel's] actions/inactions had a reasonable basis and [Appellant] failed to demonstrate how her actions/inactions prejudiced him." Trial Court Opinion, 4/3/2017, at 4. More

- 6 -

specifically, the PCRA court determined that "it was reasonable not to object to Trooper Hoover's fleeting reference that [Appellant] had gotten others 'tied up in criminal activity' and [the Commonwealth's] question during Mr. Bell's direct testimony indicating [Appellant's] potential involvement in a separate crime." *Id.* The PCRA court also determined that counsel's questions "pertaining to information obtained by [a confidential informant] to be part of a reasonable trial strategy" because trial counsel "was attempting to discredit [Appellant's] co-conspirator." *Id.* at 4-5. Accordingly, the PCRA court determined that the foregoing references to Appellant's participation in crime, separate and apart from the crimes for which he was being tried, were fleeting and it was reasonable for trial counsel to forego a jury instruction on prior bad acts. *Id.* at 6.

Upon review of the record, we conclude that Appellant failed to plead and prove a plausible claim that he was prejudiced by trial counsel's actions. Initially, we note that Appellant's co-defendant, Monroe Bell, testified at Appellant's trial and directly implicated Appellant in the robbery of the Puff Super Value store.[2] N.T., 9/16/2013, at 54. Moreover, Donald Pearsall testified that he heard Appellant and Bell talking about the robbery beforehand and saw the proceeds of the robbery and a ski mask and gloves in Appellant's possession immediately afterwards. *Id.* at 87-90.

---

[2] Bell admitted that he, acting alone, committed another, unrelated robbery several months earlier at a "mini mart." *Id.* at 70-71. To bolster his credibility, Bell testified that he could have falsely implicated Appellant in the mini-mart robbery, but he did not. *Id.* at 79, 82.

In view of overwhelming and uncontradicted direct evidence of Appellant's involvement in the Puff Super Value store robbery, we cannot agree that trial counsel's alleged actions or inactions with respect to prior bad acts caused Appellant to suffer prejudice. The allegations of trial counsel error cited by Appellant were not attempts to establish Appellant's predisposition to commit the crimes charged. In reviewing trial counsel's questioning of Trooper Hoover regarding Donald Pearsall, the purpose was to demonstrate Donald Pearsall's bias against Appellant. Trial counsel asked Trooper Hoover if there was "bad blood" between the men. N.T., 9/16/2013, at 104-105. The Commonwealth asked follow-up questions and Trooper Hoover made fleeting reference to unspecified prior criminal "activity" and/or "endeavors." *Id.* at 105. Trial counsel also asked Trooper Hoover if an informant ever mentioned Appellant. *Id.* at 101. Trooper Hoover testified that the informant mentioned Appellant in a "mini-mart robbery, not the Puff Tobacco Outlet." *Id.* at 101. This line of questioning was an attempt to show inaccuracies between the informant and co-defendant, Monroe Bell. Moreover, Appellant has not shown how he was prejudiced by these comments in light of Monroe Bell's testimony that Appellant did not participate in the other robbery. Requesting a cautionary instruction would have only highlighted the aforementioned fleeting references to prior bad acts. Appellant has failed to prove that the outcome of trial would have been different but for trial counsel's actions or inactions. Hence, because trial counsel was effective, we discern no abuse of discretion or error of law in dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/01/18