J-S22035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                     :
:
:
JERMAINE LAVELL LUCAS JR.     :
:
Appellant        :    No. 1057 WDA 2023

Appeal from the Judgment of Sentence Entered November 4, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002274-2021

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: AUGUST 1, 2024**

Appellant, Jermaine Lavell Lucas, Jr., appeals from the judgment of
sentence imposed after a jury convicted him of two counts each of Aggravated
Assault (18 Pa.C.S. §§ 2702(a)(1), (4)) and Recklessly Endangering Another
Person (REAP) (18 Pa.C.S. § 2705), and single counts of Possessing an
Instrument of Crime (PIC) (18 Pa.C.S. § 907) and Simple Assault (18 Pa.C.S.
§ 2701(a)(1)).  Appellant claims that the trial court erred in admitting evidence
related to gangs at his trial in violation of Pa.R.E. 404(b)(2).  Appellant further
suggests that the evidence was insufficient to support his convictions.  We
affirm.

The trial court briefly summarized the evidence presented at trial as
follows:

> At the trial, the Commonwealth showed a video of a fight
> inside the Rock Starz Nightclub.  The video showed the beating
> and stabbing of two victims by several men.  The victims were on

the floor for the majority of the attack. [Appellant] was identified as one of the attackers by Erie Police Officers.[1]

[Appellant] was seen on the video making stabbing motions in the direction of where the victim Roberts was stabbed. A search warrant later executed at [Appellant]'s residence located clothes that [Appellant] was wearing that evening and a bloody knife.

At the trial, evidence was introduced that [Appellant] and his co-defendants were part of, or associated with, a local gang. After a hearing, the [c]ourt allowed evidence of the gang to show the motive for the attack. At the sentencing, however, the [c]ourt did not add a "gang enhancement" for the purpose of sentencing, in part because the amount of prison time faced by [Appellant] was significant, even without the gang enhancement.

Trial Court Opinion (TCO), 1/20/23,[2] at 1-2. The trial court sentenced Appellant to an aggregate term of 9 to 18 years of incarceration. After obtaining permission to file post-sentence motions *nunc pro tunc*, Appellant filed a post-sentence motion on December 27, 2022. The trial court denied Appellant's motion on January 20, 2023. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[3]

Appellant raises the following claims in his brief to this Court, which we set forth verbatim:

_____

[1] Testimony identified Appellant, in part, from his wearing a distinctive basketball jersey that was subsequently found at Appellant's home. N.T., 7/15/22, at 17-18 (first reference to 76ers jersey).

[2] On November 17, 2023, the trial court explained in its Pa.R.A.P. 1925(a) Opinion that the reasons for the court's actions were contained in the Opinion and Order denying Appellant's post-sentence motion dated 1/20/23.

[3] We note with disapproval that the Commonwealth failed to file a Brief in this appeal.

- 2 -

I. Did the court err and abuse its discretion by permitting the Commonwealth to present evidence at trial regarding Appellant and his co-defendants' alleged gang involvement?

2. Was the evidence presented at trial insufficient to prove beyond a reasonable doubt that appellant committed the offenses of: aggravated assault - attempts to cause serious bodily injury or causes injury with extreme indifference; aggravated assault - attempts to cause or causes bodily injury with a deadly weapon; possession of an instrument of crime with intent to employ it criminally; or recklessly endangering another person?

Brief for Appellant at 6 (unnecessary capitalization omitted).

Appellant first challenges the trial court's decision to permit Commonwealth witnesses to testify about the gang affiliation or membership of those involved in the fight at the Rock Starz club. Witnesses testified that the fight occurred between members or associates of two different, and antagonistic, gangs: the 40 gang (also called 40 Nation) and the 1800 gang (also known as Sheed Nation), both of which were well-established in Erie at the time of the incident.

Our standard of review for issues related to the admissibility of evidence is whether the trial court abused its discretion. *Commonwealth v. Cox*, 115 A.3d 333, 336 (Pa. Super. 2015). An abuse of discretion "'is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law.'" *Id.* (quoting *Commonwealth v. Collins*, 70 A.3d 1245, 1251-52 (Pa. Super. 2013)). Further, evidence of a defendant's bad acts is not admissible to show a defendant's bad character or his propensity for committing criminal acts. Pa.R.E. 404(b)(1);

*Commonwealth v. Hairston*, 84 A.3d 657, 664 (Pa. 2014). The admissibility

of evidence at trial is evaluated according to our Rules of Evidence.

> Pursuant to the Pennsylvania Rules of Evidence, "[a]ll relevant evidence is admissible[.]" Pa.R.E. 402. Evidence is deemed relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401(a)-(b). Regardless of relevancy, however, evidence of a defendant's prior bad acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). However, such evidence may be admissible when offered for another purpose, such as to prove the defendant's intent. *See* Pa.R.E. 404(b)(2).

*Commonwealth v. Faison*, 297 A.3d 810, 825 (Pa. Super. 2023), *appeal*

*denied,* 2024 WL 2842266 (Pa. June 5, 2024). When offered for a legitimate

purpose, evidence of prior bad acts is admissible if the probative value of the

evidence outweighs its potential for unfair prejudice. *Hairston*, 84 A.3d at

665; Pa.R.E. 403. The Commonwealth must always establish that a defendant

has committed the particular crime with which he was charged beyond a

reasonable doubt; "it may not strip him of the presumption of innocence by

proving that he has committed other criminal acts." *Commonwealth v.*

*Ross*, 57 A.3d 85, 99 (Pa. Super. 2012) (*en banc*). Finally, "[Rule 404(b)(2)]

evidence, like all circumstantial evidence, is sufficient to establish guilt beyond

a reasonable doubt." *Commonwealth v. Yale*, 249 A.3d 1001, 1019 (Pa.

2021).

Preliminarily, we note that Appellant makes a passing reference to not

receiving "proper written notice" from the Commonwealth, as required by

Pa.R.E. 404(b)(3), informing him that the prosecution intended to present evidence related to gang activity in Erie. Brief for Appellant at 12. The purpose of the notice requirement is to prevent unfair surprise and to give a criminal defendant reasonable time and opportunity to object to, or prepare a rebuttal for, this evidence. *See Commonwealth v. Lynch*, 57 A.3d 120, 125-126 (Pa. Super. 2012). "However, there is no requirement that the 'notice' must be formally given or be in writing in order for the evidence to be admissible." *Id.* at 126.

Clearly, Appellant was not surprised by the evidence related to the two opposing gangs; gang affiliation was mentioned in the affidavit of probable cause attached to the criminal complaint filed in this case and provided the basis for his motion *in limine* and the hearing conducted before trial, on July 12, 2022. Accordingly, we conclude that Appellant had sufficient notice of this evidence and has not demonstrated unfair surprise. *Lynch*, *supra*, 57 A.3d at 126.

Additional rationales for Rule 404(b) include preventing a jury from convicting an accused for one crime by using evidence that he had committed other, unrelated crimes, and precluding the inference that because he had committed these other crimes, he was more likely to commit that crime for which he is charged; "[t]he presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence[.]" *Commonwealth v. Spruill*, 391 A.2d 1048, 1050 (Pa. 1978).

Pennsylvania Courts have recognized narrow exceptions to the Rule if the evidence of other bad acts tends to prove motive, opportunity, intent, preparation, common plan or scheme, knowledge or absence of mistake or accident. Pa.R.E. 404(b)(2); *Hairston*, 84 A.3d at 664. One common exception under the Rule is to demonstrate the motive for committing the crime charged. *Cox*, 115 A.3d at 337. Evidence is admissible to prove motive if there is a specific logical connection between the prior bad act and the crime at issue which establishes that the crime currently being considered grew out of or was caused by the prior set of facts and circumstances. *Id.* (citing *Ross*, 57 A.3d at 100).

Here, Appellant argues, "[I]t is self-evident that the evidence presented at trial, that Appellant was part of a gang, did nothing more than to inflame the passions of the jury and divert the jury's attention away from its duty of weighing the evidence impartially." Brief for Appellant at 17. We cannot agree with this characterization. All parties in the video had gang affiliation, whether from 40 Nation or Sheed Nation. Thus, this was not a case where alleged gang members were arrested for attacking civilians, which could inflame jurors' passions against the gang members. Instead, this was a case where a group of men started a fight with another group of men, and the individual participants' gang affiliations were used to explain the animosity between the two groups. This is proper evidence of motive. *Cox*, *supra*.

Moreover, we conclude that this case is distinguishable from *Cox.* There, Myron Cox was convicted of attempted homicide, aggravated assault,

and other charges following a shooting incident on the North Side of Pittsburgh. *Cox*, 115 A.3d at 335. Cox stood on the side of the street and the victim walked past him and briefly spoke to Cox and his compatriots about music that was playing. *Id.* The victim walked away, texting on his phone, when he heard one or two "pops"; when the victim turned to look in the direction of the noise, he saw Cox pointing a firearm at him. *Id.* When the victim asked what was happening, he was answered by the flash of gunfire. *Id.*

Another witness, who was in her home across the street at the time, also testified to hearing seven or eight gunshots. *Id.* This witness further testified that she noticed a fight in front of her home in the month before the shooting involving Cox and his younger brother. *Id.* Cox was eventually convicted.

On appeal, Cox first claimed that the trial court erred in admitting evidence of the fight that had occurred the month before the shooting. *Id.* Cox claimed that he did not have notice that the Commonwealth intended to introduce evidence of this prior bad act and that the evidence was irrelevant and unduly prejudicial. *Id.* In response, the Commonwealth asserted that the fight proved a motive for the shooting. *Id.* at 336.

In agreeing with Cox that evidence of the earlier fight was improperly admitted, this Court stressed that there must be a specific logical connection between the earlier fight and the shooting which established that the shooting "grew out of" or "was in any way caused by" the prior fight. *Id.* at 337. Yet

the shooting victim was not present for or involved in any way with the earlier fight. *Id.* at 338. Moreover, the fight was about a debt owed to Cox's *brother*, not to Cox himself. *Id.* The only connection between the two incidents was Cox's presence at both. After review, this Court found that the earlier fight provided no relevant evidence about the shooting, with the link between incidents called a "tenuous connection at best." *Id.* at 338. In sum, while remanding the matter for a new trial, the court concluded that "the only basis for admitting the evidence was to show that [Cox] is a violent individual, which is, of course, impermissible." *Id.*

The facts of this case are distinguishable from *Cox*. In the case at bar, the reference to gangs explained why this fight occurred at all. The Commonwealth did not discuss any outside criminal activity associated with gangs, or reference any specific gang activities. It merely identified certain individuals involved in the fight as belonging to either the 40 gang or the 1800 gang. Identifying the participants in a fight is always crucial to a criminal case. Once the jury knew that only gang members were involved in the fight, the conclusion that this altercation grew out of the fact that the participants were in rival gangs was established. Thus, the gang affiliation provided the motive for the fight, and this is a proper purpose for this information. *Cox*, *supra*.

Importantly, as well, when a court admits evidence of a defendant's prior bad acts, that defendant is "entitled to a jury instruction that the evidence is admissible only for a limited purpose." *Commonwealth v.*

*Crispell*, 193 A.3d 919, 937 (Pa. 2018). In the case at bar, the trial court instructed the jury, in pertinent part, as follows:

> Now, during this case, you have heard evidence alleging that [Appellant was] allegedly involved in a gang. Now, they're not on trial for that. Keep that in mind. The evidence is before you for a limited purpose, that is, for the purpose of tending to show motive for the alleged assaults here. The evidence must not be considered by you in any other way than for the purpose I just stated. You must not regard this evidence of alleged gang membership as showing that [Appellant] is a person of bad character or criminal tendencies from which you might be inferred – I'm sorry – inclined to infer guilt. In other words, you cannot assume guilt simply because of alleged gang affiliation.

N.T., 7/15/22, at 10. A jury is presumed to follow the trial court's instructions and not misuse the Rule 404(b) evidence for an improper purpose. *Commonwealth v. Becher*, 293 A.3d 1226, 1240 (Pa. Super. 2023), *appeal denied*, 315 A.3d 836 (Pa. 2024).

After review, we find that Appellant could not have been surprised by the testimony about gang affiliation. Moreover, the fact that the participants in the fight were affiliated with different and antagonistic gangs was critical to establish the motive for the fight. We further note that the trial court gave a proper cautionary instruction about this Rule 404(b) evidence. Accordingly, we conclude that Appellant is not entitled to relief.

In his second issue, Appellant maintains that the evidence was insufficient to support three of his four convictions because the Commonwealth failed to prove that he was the cause of the victims' injuries or acted with intent. Appellant does not challenge the REAP conviction. To

begin, we note our standard of review of a challenge to the sufficiency of the evidence:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno*, *supra*, at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011). The scope of review in a sufficiency challenge is plenary. *Commonwealth v. Neysmith*, 192 A.3d 184, 189 (Pa. Super. 2018).

Appellant asserts that the evidence did not show that he was the cause of any injuries and, moreover, even if he was the cause, he did not act with wrongful intent. These arguments are waived. *See Commonwealth v. Pollick*, 314 A.3d 882, 885 (Pa. Super. 2024) (quoting *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that, "'where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived'")). The argument section of Appellant's brief on this issue is reproduced herein in its entirety:

> With regards to the charge of Aggravated Assault under 18 Pa.C.S. § 2702(a)(1), there was insufficient evidence to prove beyond a reasonable doubt that Appellant was a cause of the alleged injuries or performed any acts intentionally, knowingly, or recklessly

under circumstances manifesting indifference to the value of human life. With regards to the charge of Aggravated Assault under 19 Pa.C.S. § 2702(a)(4), there was insufficient evidence to prove beyond a reasonable doubt that Appellant was a cause of any bodily injury, that he acted intentionally or knowingly, nor that he used a deadly weapon. With regards to Possession of an Instrument of Crime under 18 Pa.C.S. § 907(a), there was insufficient evidence to prove beyond a reasonable doubt that Appellant possessed an instrument of crime nor that, even if he had such instrument, that there was an intent to employ it criminally.

Brief for Appellant at 18-19. Because the discussion above does not include the statutory elements of these distinct crimes and fails to include any case law discussing the elements of these crimes, this wholly undeveloped argument is waived. *Pollick*, *supra*. *See also Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."). We will not act as counsel for Appellant and supply the missing analysis for him. *Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015).

Moreover, Appellant is merely asking us to come to a different factual conclusion than the jury did as the finders of fact in this case. This we cannot do. "A court reviewing a sufficiency challenge does not substitute its own judgment for that of the fact-finder, including passing on the credibility of witnesses." *Commonwealth v. Palo*, 24 A.3d 1050, 1054-55 (Pa. Super.

- 11 -

2011). We reiterate that the fact-finder is free to believe all, some, or none of the evidence presented. *Id.* The jury concluded that Appellant stabbed one of the rival gang members, finding that determination supported by the evidence beyond a reasonable doubt. We decline Appellant's invitation to re-weigh the evidence presented at trial.

Finally, we note that Appellant did not include a copy of the surveillance video in the record certified to this Court. *See Commonwealth v. Schifano*, 310 A.3d 769, 772 (Pa. Super. 2024) (stating "it is the appellant's burden to ensure that the certified record contains that which is necessary for this Court to properly resolve the issues raised on appeal"). Without the video, we would be unable to re-evaluate the trial evidence as Appellant wishes us to do. Thus, for this additional reason, we would find that Appellant is not entitled to relief.

Based upon the foregoing, we conclude that there is no merit to the issues Appellant has raised on appeal. Accordingly, the judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/01/2024